Filed 6/22/15  P. v. Salais CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260045 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA103262) |
| v. | |
| OSCAR SALAIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Oscar Salais, pro. per.; and Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Oscar Salais was convicted following a jury trial of aggravated assault with a great bodily injury enhancement. Salais's appellate counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which raised no issues, and asked this court to independently review the record. At our invitation Salais has filed a supplemental brief identifying several purported errors. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Information*

An October 2013 information charged Salais with the assault of Marco Valladarez[1] by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a))[2] with a special allegation Salais had personally inflicted great bodily injury on Valladarez (§ 12022.7, subd. (a)). The information also specially alleged Salais had suffered seven prior serious or violent felony convictions in August 2013 (three each for attempted murder and attempted robbery and one for possession of a sawed-off shotgun) within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)(d)).[3]

### 2. *The Pretrial Stipulations*

The parties stipulated at a pretrial conference there would be no reference during the People's case to Salais's gang affiliation or the underlying facts or nature of the crimes charged in the 2013 case in which Valladarez had testified against Salais as a victim of one of the attempted murders and attempted robberies. Those stipulations were subject to reconsideration if Salais elected to testify.

### 3. *The Jury Trial*

A mistrial was declared at the start of Salais's first trial based on newly discovered evidence (§ 1054). The case was retried to a jury in September 2014.

---

[1]    Valladarez gave his surname as "Valladarez" at the preliminary hearing and as "Valladares" at trial.

[2]    Statutory references are to this code unless otherwise indicated.

[3]    Those convictions were affirmed on appeal. (*People v. Salais* (April 30, 2015, B252520) [nonpub.opn.].)

2

### a. *Summary of the People's evidence*

Valladarez testified that on September 11, 2013 he was sitting in a holding cell at the Los Angeles County jail, waiting to be transported to court following his arrest for committing misdemeanor assault in the prior month. There were 15 to 20 other inmates in the holding cell, including Salais, against whom Valladarez had testified as a victim in the 2013 case. Salais recognized Valladarez and started calling him a "snitch," which attracted the attention of the other inmates. Frightened, Valladarez denied they knew each other, insisting Salais had him confused with someone else. Salais told Valladarez, "I know it's you," and demanded to see Valladarez's jail-issued wristband that showed Valladarez's name and booking number.

As the other inmates gathered around, Salais again called Valladarez a snitch and threw two punches, the second one striking Valladarez in the chin. About six to seven other inmates joined Salais in striking Valladarez, who fell to the floor and covered his face with his hands to ward off the blows. Valladarez acknowledged he was not sure which inmates, apart from Salais, were hitting him.

After five to six minutes the beating stopped, and Valladarez got up from the floor and sat down by himself. He was in pain but, fearing further retribution, did not alert sheriff's deputies. Approximately 15 minutes later a deputy noticed Valladarez sitting alone in the holding cell with his head in his hands and had him removed to another cell in isolation. Valladarez identified Salais to deputies, described the attack and received medical attention. As a result of the beating, Valladarez suffered a broken nose and facial cuts and bruises. Deputies questioned Salais and placed him in another holding cell in isolation. Salais denied knowing anything about the assault.

b. *Summary of the defense evidence*

On the record Salais's counsel strongly advised Salais not to testify, pointing out that he had been successful in excluding from the jury any reference to Salais's gang affiliation and his prior felony offenses involving Valladarez. The trial court also admonished Salais of the potential adverse consequences of testifying and ruled, if Salais elected to testify, the nature of his prior convictions for attempted murder, attempted robbery and possession of a sawed-off shotgun would be admissible to impeach him. Additionally the court determined that references to Salais's gang affiliation would be excluded unless Salais mentioned it during his testimony. Notwithstanding the advice of his counsel, Salais elected to testify in his defense.

Salais testified he had acted in self defense after Valladarez confronted him in the holding cell. According to Salais, Valladarez claimed he belonged to a gang and Salais had previously attempted to kill and rob him. Valladarez then hit Salais in the face; only then did Salais return the blow, punching Valladarez in the face. The two men fought for several seconds. Salais stopped hitting Valladarez when three or four other inmates started hitting Valladarez, punching his face and head. Valladarez sat on the bench, covering his face and head with his hands during the beating.

After the incident a sheriff's deputy placed Valladarez and Salais in different holding cells in isolation. Salais testified he had no injuries himself, but Valladarez had injuries as a result of the beating. Salais denied having called Valladarez a snitch and insisted he never intended that the other inmates hurt Valadarez.

On cross-examination Salais admitted he had been convicted of the attempted murder of Valladarez and two companions. He also admitted he was a gang member and acknowledged, in gang culture, a person who is identified as a snitch will usually be assaulted or killed by gang members. Salais agreed it would not make much sense for Valladarez to have announced in front of a group of inmates that Salais had previously attempted to kill and rob him although that is what had happened.

4

c. *Jury instructions*

The trial court instructed the jury, in part, as to the elements necessary to convict Salais of aggravated assault (CALCRIM No. 875) as well as the lesser included offense of simple assault (CALCRIM No. 915). The court also instructed that Salais could be convicted as an aider and abettor of the aggravated assault (CALCRIM Nos. 400, 401) and explained the limited purpose of gang evidence (CALCRIM No. 1403). The court further instructed on the elements of the great bodily injury enhancement including that Salais could be found guilty, even if he acted in a group, if the force he used in combination with others was likely to cause great bodily injury (CALCRIM No. 3160). Finally, the jury was fully instructed regarding the elements of self defense (CALCRIM Nos. 3470, 3471, 3472).

d. *Jury verdict*

The jury found Salais guilty of committing assault likely to produce great bodily injury and found true the special allegation he had personally inflicted great bodily injury on Valladarez.

4. *The Sentencing Hearing*

Salais waived his right to a jury trial on the prior conviction allegations. The trial court found those allegations true following a bench trial. The court denied Salais's motion to strike one or more of the prior strike convictions (§ 1385, *People v. Superior Court* (*Romero*) (1966) 13 Cal.4th 497) and sentenced him to an aggregate state prison term of 33 years to life, to be served consecutively to the sentence of 105 years to life imposed in the previous case.

**DISCUSSION**

We appointed counsel to represent Salais on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On March 6, 2015 we advised Salais he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received a five-page hand printed supplemental brief on March 30, 2015 and a five-page supplemental brief on April 6, 2015 in which Salais challenged his conviction on a number of grounds. To the extent they can be understood,

5

Salais's claims are the evidence is insufficient he personally inflicted great bodily injury on Valladarez within the meaning of section 12022.7, subdivision (a), the court committed prejudicial error in admitting his prior convictions for the purpose of impeachment, and his trial counsel provided constitutionally ineffective assistance.

1. *Substantial Evidence Supported the Great Bodily Injury Enhancement*

Substantial evidence supports the jury's finding Salais personally inflicted great bodily injury under the group beating theory. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357; *People v. Manibusan* (2013) 58 Cal.4th 40, 87.) Section 12022.7, subdivision (a), does not permit a true finding on the basis of derivative liability. "[T]he individual accused of inflicting great bodily injury must be the person who directly acted to cause the injury." (*People v. Cole* (1982) 31 Cal.3d 568, 572.) But in those limited situations where "a defendant participates in a group beating and when it is not possible to determine which assailant inflicted which injuries, the defendant may be punished with a great bodily injury enhancement if his conduct was of a nature that it could have caused the great bodily injury suffered." (*People v. Corona* (1989) 213 Cal.App.3d 589, 594; accord, *People v. Modiri* (2006) 39 Cal.4th 481, 499 [personal infliction of great bodily harm not limited to group beatings in which defendant was the sole or certain cause of specific injuries].)

Valladarez testified that Salais led the other inmates in repeatedly punching him, causing serious injuries to his face. Although it is impossible to determine which injuries were attributable to Salais's blows, his actions were of the nature that reasonably could have caused the injuries Valladarez suffered. Accordingly, substantial evidence supports the finding that Salais personally inflicted great bodily injury on Valladarez.

2. *The Prior Convictions Were Properly Admitted for Impeachment*

The admission of Salais's prior convictions for impeachment purposes was not error. The trial court properly determined the attempted murders and attempted robberies were crimes of moral turpitude and expressly found that their probative value outweighed potential prejudice under Evidence Code section 352. (See *People v. Castro* (1985) 38 Cal.3d 301, 306, 313-314; *People v. Edwards* (2013) 57 Cal.4th 658, 723-724.)

6

Because Salais elected to testify, he was properly impeached by these recent and unrelated prior convictions. (See *People v. Mendoza* (2000) 78 Cal.App.4th 918, 927 [no limit to number of prior convictions to be used for impeachment].)

    3. *The Record Fails To Support a Claim of Ineffective Assistance of Counsel*

The record provides no support for Salais's assertion his trial counsel rendered ineffective assistance at any time during the proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) To the extent Salais's claim is based on matters outside the record, it is more appropriately decided in a habeas corpus proceeding where all relevant facts can be developed. (*People v. Avena* (1996) 13 Cal.4th 394, 419.)

We have examined the entire record and are satisfied Salais's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

### DISPOSITION

The judgment is affirmed.


                                        PERLUSS, P. J.

We concur:


    ZELON, J.


    STROBEL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.